UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY JOHNSON | CIVIL ACTION |
| VERSUS | NO. 16-97-JWD-EWD |
| CAROLYN W. COLVIN | |

## RULING ON FIRST MOTION TO PROCEED IN FORMA PAUPERIS AND AMENDED MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Before the Court is a First Motion to Proceed In Forma Pauperis (R. Doc. 2) and an Amended Motion for Leave to Proceed In Forma Pauperis (R. Doc. 6), filed by the plaintiff, Gregory Johnson. For the reasons that follow, the Court's Report and Recommendation (R. Doc. 5) is VACATED. Plaintiff's First Motion to Proceed In Forma Pauperis (R. Doc. 2) and Amended Motion for Leave to Proceed In Forma Pauperis (R. Doc. 6) are DENIED.

### Factual Background

Plaintiff filed this matter on February 17, 2016, seeking review of an administrative decision by the Social Security Administration that Plaintiff was not entitled to disability benefits (R. Doc. 1). Contemporaneously with the Complaint, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP Motion") (R. Doc. 2). On March 8, 2016, the Court ordered Plaintiff to complete form AO-239 – Application To Proceed In District Court Without Prepaying Fees and Costs (Long Form). (R. Doc. 3) because the original IFP Motion did not contain sufficient information for the Court to determine that Plaintiff should not pay the filing fee. For example, the IFP Motion did not state Plaintiff's take home pay or wages, nor did it state the amounts of monthly expenses. Plaintiff was ordered to submit the long form application by March 21, 2016.

1

Plaintiff failed to submit the long form application or provide any other information regarding his finances by March 21, 2016. Accordingly, on April 13, 2016 the Court ordered counsel for the plaintiff to personally appear at a hearing on April 27, 2016 at 10:30 a.m. in Courtroom 5 before the undersigned to show cause why this matter should not be dismissed for failure to pay the filing fee. (R. Doc. 4). In lieu of the show cause hearing, Plaintiff was permitted to either pay the filing fee or file an Application to Proceed in District Court without Prepaying Fees and Costs (Long Form) by April 20, 2016. Plaintiff's counsel did not appear for the show cause hearing on April 27, 2016. Additionally, Plaintiff did not pay the filing fee or file the Application to Proceed in District Court without Prepaying Fees and Costs (Long Form) by April 20, 2016. Accordingly, this Court issued a Report and Recommendation on April 27, 2016, recommending that the case be dismissed without prejudice for failure to pay the filing fee.

After the Report and Recommendation was issued, Plaintiff submitted his Amended Motion for Leave to Proceed In Forma Pauperis, which is actually the completed AO-239 – Application To Proceed In District Court Without Prepaying Fees and Costs (Long Form). There is no explanation in the Amended Motion as to why the long form application was not timely submitted or why counsel failed to appear at the show cause hearing as instructed by the Court, however, because the long form application has now been submitted, the Court's Report and Recommendation (R. Doc. 5) is VACATED and the Court now considers Plaintiff's Motion to Proceed In Forma Pauperis (R. Doc. 2), as amended (R. Doc. 6).

**Law and Analysis**

Proceeding in forma pauperis allows a party to avoid service, filing, and transcript preparation costs if he or she can demonstrate inability to pay such fees. *See* 28 U.S.C. § 1915; *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (IFP statute intended to give indigent litigants access

to federal court). The requisite level of indigence is relatively fluid and within the discretion of the court. *See, e.g., Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). As a baseline, the Supreme Court has held that an applicant need not be "absolutely destitute" to qualify for IFP status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948). Rather, the applicant must show that he cannot both provide himself with the necessities of life and pay the costs of litigation. *Id.* at 339-40.

The financial information Plaintiff has submitted to this Court does not indicate he is unable to pay the full filing fee without undue hardship or deprivation of the necessities of life. Specifically, the long form application submitted indicates Mr. Johnson is employed earning $300 per month, but then also suggests that he earns $1600 per month. (R. Doc. 6-1). Regardless of which information accurately reflects Mr. Johnson's monthly income, the long form application does not list any monthly expenses. Accordingly, Plaintiff has failed to make the requisite showing to qualify to proceed in this matter without paying the filing fee.

## Conclusion

The Court's Report and Recommendation (R. Doc. 5) is VACATED. Plaintiff's First Motion to Proceed In Forma Pauperis (R. Doc. 2) and Amended Motion for Leave to Proceed In Forma Pauperis (R. Doc. 6) are DENIED.

IT IS ORDERED that Plaintiff shall pay the full $450 filing fee no later than 21 days from the date of this Ruling. Failure to pay the filing fee as ordered may result in dismissal of this action without further notice.

Signed in Baton Rouge, Louisiana, on May 3, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**